UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANTHONY L. MOORE #255379,

    Plaintiff,

v

PEGGY ERICKSON, JAMES RANKIN
and JESSICA VANOVERLOOP,

    Defendants.

NO. 2:20-cv-219

HON. ROBERT J. JONKER

MAG. MAARTEN VERMAAT

---

| | |
|---|---|
| Anthony L. Moore #255379<br>*In Pro Per*<br>Muskegon Correctional Facility<br>2400 S. Sheridan Drive<br>Muskegon, MI 49442 | Joseph Y. Ho (P77390)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>  Erickson, Rankin & VanOverloop<br>MDOC Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>hoj@michigan.gov |

---

**MDOC DEFENDANTS' OBJECTIONS TO
(ECF No. 36) REPORT & RECOMMENDATION**

    MDOC Defendants Peggy Erickson, James Rankin, and Jessica VanOverloop, through counsel and pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR. 72.3(b), object to the magistrate judge's December 16, 2021, Report and Recommendation (R&R) (ECF No. 36) on their motion for summary judgment.  Specifically, MDOC Defendants object to the R&R's recommendation that a "question of fact exist as to whether Moore had access to the grievance system during his confinement at MBP" to warrant a bench trial on the issue of exhaustion.  (ECF No. 36, PageID.249.)

**Objection No. 1: The evidence is so one-sided that MDOC Defendants must prevail as a matter of law.**

MDOC Defendants object to the recommendation that there was a genuine issue of material fact regarding the issue of exhaustion to deny summary judgment. As the R&R correctly cites, the summary judgment standard asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." (ECF No. 36, PageID.241 (quoting *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005).) Here, the record before the Court is so one-sided that MDOC Defendants must prevail as a matter of law.

Moore's claims arose out of multiple stints of incarceration at MBP between July 2017 and July 2019. (ECF No. 1.) MDOC Defendants has provided Moore's Step III Grievance Report, which shows that he did not pursue any grievances through Step III after July 2017. (ECF No. 28-3.) MDOC Defendants also provided an affidavit from MBP's current grievance coordinator, who reviewed the MBP grievance records and attests that Moore did not file any Step I grievances during any of his stints at MBP. (ECF No. 32-2.)

Moore alleges that, in his first stint at MBP from July to December 2017, he submitted multiple Step I grievances which were never processed, that he had submitted multiple kites to the grievance coordinator following up on his Step I grievances which were never answered, and that he had submitted multiple kites to MBP administrative staff which were never answered. (ECF No. 1, PageID.7–9, 11–13; ECF No. 30.) Out of the many Step I grievances and kites Moore allegedly

2

submitted, he has provided the Court with copies of only two kites, neither of which bear any indication that they were received by MDOC (and Moore has not produced any other documentary evidence to support his claims that he had submitted these kites). (ECF No. 30-1, PageID.208–209.) The first kite is one Moore allegedly sent to the MBP grievance coordinator on November 16, 2017; and the second kite is one Moore alleged sent to the MBP acting-Warden Huff on December 3, 2017. (*Id.*)

In Moore's kite to Huff, he claims to have enclosed "numerous letters from the grievance coordinator [at MBP] stating that they did not receive the numerous grievances [he] had written on ARUS Erickson, Sergeant Rankin, and this lady from mental health"—i.e., the MDOC Defendants. (ECF No. 30-1, PageID.209.) Moore apparently had many copies of these letters from the grievance coordinator, because he submitted them also to the Internal Affairs Office in Lansing, the Inspector's Office at MBP, the ACLU in Detroit, and to the Legislative Ombudsman's Office in Lansing. (ECF No. 30-1, PageID.200.) Moore has also alleged, for the first time in his (unsanctioned) surreply, that he submitted "copies of the grievances that he had wrote [sic]" on MDOC Defendants "to the Office of Legal Affairs in Lansing." (ECF No. 33, PageID.232.) But Moore has not provided the Court with any copies of these numerous grievances or letters which he had in his possession, nor has he provided copies of the mailing receipts for the multiple mailings he allegedly sent to Lansing and Detroit.

Moore also claims that, when after transferred from MBP to AMF in December 2017, he submitted at least two Step I grievances to the AMF grievance

3

coordinator, and that the AMF grievance coordinator responded that he should submit the grievance to MBP.  (ECF No. 1, PageID.13–15.)  Moore has not provided the Court with copies of his correspondence with the AMF grievance coordinator, the grievances he submitted to MBP, or any receipts to show that he had sent this grievance to MBP.

In Moore's next two stints at MBP, he allegedly submitted many Step I grievances and kites to the grievance coordinator (ECF No. 1, PageID.9–10), but he has provided the Court with only two kites, neither of which bear any indication that they were received by MDOC (and Moore has not produced any other documentary evidence to support his claims that he had submitted these kites). (ECF No. 30-1, PageID.210–211.)

As Moore's Step III Grievance Report shows, he is no stranger to the MDOC grievance process.  (ECF No. 28-3.)  Moore is also no stranger to this Court, as he states he has filed at least five lawsuits.  (ECF No. 1.)  One of these suits provides guidance to this case.  In *Moore v. Olson*, as here, the defendants produced Step III grievance records which showed that Moore did not exhaust his administrative remedies before he filed his complaint.  *Moore v. Olson*, No. 2:16-cv-10, 2016 WL 6791987 (W.D. Mich. Oct. 24, 2016) (attached as Ex. 1), *R&R adopted,* 2016 WL 6778708 (W.D. Mich. Nov. 16, 2016).  The magistrate judge determined that none of Moore's Step III grievances exhausted his claims, but found that Moore had created an issue of fact as to whether he exhausted his claims:

> However, Plaintiff argues that he attempted to file several grievances against Defendants, but the grievance coordinator refused to process

4

> the grievances. Plaintiff has not submitted any copies of these
> grievances. However, Plaintiff alleges that he rewrote one grievance
> against all Defendants and sent it to the MDOC Administration, Office
> of Legal Affairs in Lansing. To support this allegation, Plaintiff points
> to a "note" on the MDOC Prisoner Step III Grievance Report. The note
> states: "11/12/15 Returned to P under cover letter requesting Step I
> and II documents; Submitted directly to OLA (No Grievance #)."
> PageID.171. This evidence tends to support Plaintiff's argument that
> the grievance coordinator was refusing to process his grievances, thus,
> making the grievance system unavailable to Plaintiff.

*Id.*, 2016 WL 6791987 at *4 (Ex. 1 at 3). In other words, in *Moore v. Olson*, Moore was able to point evidence which supports his claim that something he submitted to MDOC *was actually sent by him and received* by MDOC, but Moore has not done anything of the sort here. Indeed, if Moore had submitted copies of his grievances to Step III, as he alleges (for the first time) that he did in his surreply (ECF No. 33, PageID.232), then there should be similar notes in his Step III Grievance Report, but there are no such notes (ECF No. 28-3, PageID.187–189). Indeed, nothing in the record supports Moore's claims that the volume of grievances and kites he sent to numerous parties were actually sent.

Moore titles a section in his response as "Common Sense." (ECF No. 30, PageID.203–204.) A common sense reading of the record is that Moore, who was well practiced in filing grievances, for whatever reason, chose not to pursue any Step III grievances after June 2017 (ECF No. 28-3)—not that the grievance coordinators at multiple facilities all refused to process his grievances. A common sense reading of the record is that MDOC never received any of the grievances or kites Moore purportedly submitted—because Moore did not actually submit them.

5

In short, common sense requires that the Court find that Moore did not exhaust his administrative remedies.

## CONCLUSION AND RELIEF REQUESTED

For the reasons explained above, MDOC Defendants respectfully requests that the Court reject the December 16, 2021, Report and Recommendation to deny their motion for summary judgment on the basis of exhaustion. The Court should find that MDOC Defendants demonstrated that Moore did not exhaust his administrative remedies through the grievance process, find that Moore failed to submit sufficient evidence to create an issue of material fact regarding whether he exhausted his administrative remedies, and dismiss this lawsuit in its entirety.

Respectfully submitted,

/s/ Joseph Y. Ho
Joseph Y. Ho
Assistant Attorney General
Attorney for MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
HoJ@michigan.gov
Dated: January 13, 2022           P77390

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on January 13, 2022, I electronically filed the foregoing document together with this *Certificate of Service* with the Clerk of the Court using the ECF System, which will provide electronic copies to parties of record and a hard copy of same was placed in a U.S. Postal, mailbox, postage paid, fully addressed as follows:

Anthony L. Moore #255379
*In Pro Per*
60810 Mulberry
P.O. Box 4
Vandalia, MI 49095

                                */s/ Joseph Y. Ho*
                                Joseph Y. Ho (P77390)
                                Assistant Attorney General
                                Attorney for MDOC Defendants
                                MDOC Division