UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAMONT MOORE #255379,

    Plaintiff,

v.

PEGGY ERICKSON, et al.,

    Defendants.

_____/

Case No.  2:20-cv-00219

Hon.  Robert J. Jonker
U.S. District Judge

# REPORT AND RECOMMENDATION

## I.  Introduction

This Report and Recommendation addresses Defendants' motion to dismiss this case due to Plaintiff's failure to attend two properly noticed depositions. (ECF No. 59.)

This is a civil rights action brought by former state prisoner Anthony Lamont Moore pursuant to 42 U.S.C. § 1983. Moore was paroled from the custody of the Michigan Department of Corrections (MDOC) in December of 2021. (ECF No. 35.) Moore provided the Court with his new address in Vadalia, Michigan. (*Id.*)

Moore's complaint asserts that Defendants[1] in this case retaliated against him while he was confined in the Marquette Branch Prison between July and December

---

[1] Current Defendants are ARUS / Prison Counselor Peggy Anderson, Sergeant (Sgt.) Rankin and Unknown Party #2. The Court previously dismissed Unknown Party #1.

of 2017, between June and September of 2018, and in July of 2019. Moore complains that he was not accepted into the dog training program, that his cell was searched, and that he was threatened and harassed due to his lawsuits.

Defendants move to dismiss the case under Fed. R. Civ. P 37 and 41 because Plaintiff refused to participate in two properly noticed depositions. Fed. R. Civ. P. 30. (ECF Nos. 54 and 58.) In addition, Defendants move to recoup the costs of $461.89 for the court reporter expended for the depositions.

It is undisputed that the Court issued an order allowing Defendants to take Plaintiff's deposition. (ECF No. 51 (Case Management Order).) Defendants then properly noticed and scheduled a deposition for July 5, 2022. (ECF No. 56-2 (notice of deposition dated June 14, 2022, scheduling deposition for July 5, 2022).) Plaintiff filed no objections to the notice and failed to move for a protective order to attempt to prevent the deposition. Thus, Plaintiff Moore was obligated to appear for this deposition and Defendants were entitled to take Plaintiff's deposition.

On July 5, 2022, defense counsel appeared by video conference to take Plaintiff's deposition. Plaintiff failed to appear at this properly scheduled deposition.

After Plaintiff failed to appear for his deposition, Defendants moved for an extension of discovery. (ECF No. 56.) Plaintiff did not respond to the motion and the motion was granted. (ECF No. 57 (Order extending discovery until September 2, 2022).)

Defendants properly served a second notice to take Plaintiff's deposition. (ECF No. 58; ECF No. 60-2, PageID.331-332.)  Once again, Plaintiff filed no objections to the notice and failed to move for a protective order to attempt to prevent the deposition.  Consequently, the deposition was authorized and properly noticed under the Court rules.

On September 1, 2022, defense counsel appeared by video conference to take Plaintiff's deposition.  Again, Plaintiff failed to appear at the properly scheduled deposition and has provided no excuse to the Court for his failure to attend the deposition.

Thereafter, defense counsel contacted Plaintiff by letter addressing the fact that he failed to attend two scheduled depositions and indicating that it appeared that Plaintiff no longer wished to prosecute this case.  (ECF No. 60-4, PageID.337.) Moore did not respond to the letter.

On October 17, 2022, Moore filed a response to Defendants' motion to dismiss. (ECF No. 64.)  In his response, Moore asserted that he had no knowledge of the motion to dismiss because, as of October 4, 2022, he has been incarcerated in the Cass County Jail.  (*Id.*, PageID.358.)  Moore argues that his case should not be dismissed because Defendants failed to send him a copy of the motion to dismiss.  (*Id.*, PageID.359.)  Moore's response (1) did not claim that he did not receive notice of the deposition dates and (2) failed to explain to the Court why he failed to attend the two depositions Defendants scheduled.

Defendants paid $461.89 to schedule and arrange for Moore's depositions.

3

## II. Analysis

As noted by Defendants, Fed. R. Civ. P. 37(d)(1)(A)(i) specifically provides that when a party fails to attend his own deposition after being properly notified, he or she may be sanctioned by the court. And, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(3), sanctions may include dismissal. In addition, Fed. R. Civ. P. 41(b) provides that where a Plaintiff fails to prosecute or to comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it.

The Sixth Circuit addressed the issue presented here in *Woodson v. Morris*, 70 F.3d 1273 (6th Cir. 1995). In *Woodson*, the court noted that the plaintiff had adequate advance notice of the date of the deposition, but willfully refused to participate in the deposition. The court held that the district court properly granted the defendant's motion for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b). Dismissal is appropriate where Plaintiff fails to attend an ordered deposition. *Voit v. Jefferson County Sheriff's Dep't*, 31 F. App'x. 189 (6th Cir. 2002). It is not an abuse of discretion for the trial court to impose sanctions due to a party's failure to participate in discovery:

> Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery. This court considers four factors in assessing the appropriateness of the district court's decision to dismiss a complaint: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon [v. CSX Trsp., Inc.],* 110 F.3d [364] at 366–67 [(6th Cir. 1997)]. Pre-dismissal warning of the sanction is pivotal to the determination of

> willfulness. *See Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988). Dismissal with prejudice "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 552 (6th Cir.1994).

*Wittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004).

Looking at the factors set forth above: The facts in this case establish, first, that Moore intentionally denied Defendants an opportunity to take his deposition and, second, that Moore acted willfully and in bad faith.

Moore states that he did not receive a copy of the motion to dismiss. Moore's receipt of the motion to dismiss is not relevant to the issue of his participation in authorized depositions. In fact, that argument shifts the focus away from the real issue: whether Moore was served with the notices of deposition and why he did not attend. The critical point here is that he does not claim that he was not served with the notices of deposition.

And, in fact, the timeline in this case demonstrates that he was still living at the address he provided when the two notices were sent or served. Moore identified his new mailing address in November 2021. (ECF No. 35.) And when he provided his mailing address, he advised the Court that he would inform the Court if his address changed. (*Id.*)

In his response to the motion to dismiss, Moore says that only went into the Cass County Jail in October 2022, well after the depositions were noticed and should have been completed. (See ECF Nos. 54 and 58 (certificates of service of the two depositions, dated June 14, 2022, and August 22, 2022, respectively).)

5

Thus, the timeline supports the Defendants' arguments and undercuts the only point Moore makes in his response. In short, Moore gives the Court no reason to conclude that he was not served with the notices of deposition, and he offers no reason for his failure to participate in his own depositions.

In the opinion of the undersigned, Plaintiff has failed to prosecute this case by attending his two scheduled depositions. Plaintiff has only recently reengaged with this litigation, upon his recent incarceration, by responding to the motion to dismiss with an explanation that he never received a copy of the motion. It appears that while he was on parole, Moore was uninterested in prosecuting this case and participating in discovery. At the very least, his failure to attend two depositions establishes that he willfully attempted to disrupt these proceedings and in bad faith intended to prevent Defendants from obtaining discovery. Moore failed to attend his second deposition after he was warned by defense counsel that a motion to dismiss for failure to prosecute would be filed if he failed to attend the scheduled deposition. (ECF No. 60-4, PageID.337.) Moore did not respond to defense counsel, and he did attend the second properly scheduled deposition. Discovery has now ended. Defendants have been prejudiced.

This is not Plaintiff's first case. In fact, Moore is a very experienced *pro se* litigant who has filed at least ten cases in this Court, including W.D. Mich. Case Nos. 2:15-cv-140 (proceeded to a bench trial and Moore received a judgment in amount of $250.00), 2:15-cv-141 (dismissed for failure to state a claim), 2:15-cv-142 (proceeded to a jury trial and Moore received a judgment in the amount of $100.00, and settled

6

his case against another Defendant after winning an appeal against that Defendant), 2:15-cv-143 (proceeded to a bench trial with judgment for Defendants), 2:15-cv-196 (dismissed for failure to state a claim), 2:16-cv-10 (dismissed on summary judgment), 2:16-cv-55 (Summary judgment vacated in part on appeal and case settled), 2:16-cv-91 (represented by counsel during a jury trial and received judgment against one Defendant in the amount of $5001.00), and 2:16-cv-152 (represented by counsel during a jury trial which resulted in judgment for Defendants). Clearly, as a *pro se* litigant Moore has demonstrated that he understands court procedure and how to handle litigation, motions, settlement negotiation, trial, and appellate practice. (*Id.*) More importantly, Moore was deposed in several of these cases. (*See, e.g.*, W.D. Mich. Case No. 2:16-cv-10, ECF No. 39 (certificate of service of notice of deposition); W.D. Mich. Case No. 2:16-cv-55, ECF No. 25 (same); W.D. Mich. Case No. 2:16-cv-91, ECF No. 37 (same); 2:16-cv-152, ECF No. 22 (same).

The upshot of Moore's litigation history, and the only conclusion the Court can reasonably reach based on this history, is that Moore knows that discovery is a two-way street, knows he must participate, and knows that depositions are part of discovery. Indeed, a review of Moore's litigation history demonstrates that he has been deposed on multiple occasions. Moore has not claimed otherwise.

Finally, less drastic sanctions for Moore's refusal to give his deposition testimony such as striking the complaint or prohibiting Moore from offering testimony during trial will have the same effect as dismissal. Fed. R. Civ. P. 37(d)(3) (sanctions may include any of those listed in Rule 37(b)(2)(A)(i)-(vi) which includes

7

finding facts established, prohibiting the disobedient party from supporting claims, striking pleadings, staying proceedings until compliance, dismissing the action, issuing a default judgment, or finding the party in contempt of court.).

In the opinion of the undersigned, the events in this case and Moore's litigation history conclusively demonstrate (1) that Moore willfully refused to participate in two fully authorized and properly noticed video depositions, and (2) that he acted in bad faith by failing to attend these depositions. *Hernandez v. Smith*, No. 1:17-cv-327, 2018 WL 6606251, *3 (W.D. Mich. Oct. 30, 2018) report and recommendation adopted 2018 WL 6605501 (W.D. Mich. Dec. 17, 2018) ("failure to appear for his deposition without any explanation, failure to contact defendants about discovery, and failure to object to a motion to dismiss his case as a sanction indicate that he is acting in bad faith.")

### III.  Recommendation

It is recommended that the Court grant the motion to dismiss this case for failure to prosecute and impose costs of $461.89 against Plaintiff Moore, payable to Defendants to recover the costs incurred to take Plaintiff's deposition.

Dated:   October 21, 2022                           /s/ *Maarten Vermaat*
                                                                  MAARTEN VERMAAT
                                                                  U.S. MAGISTRATE JUDGE

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).